UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                            PLAINTIFF

v.                                                 CRIMINAL NO. 3:25-CR-00004-DJH
                                                            *Filed Electronically*

KATHLEEEN FLENER                                                    DEFENDANT
a/k/a KATHELEEN PFEIFFER

### UNITED STATES' SENTENCING MEMORANDUM

The United States of America, by counsel, files its memorandum in support of sentencing in this action currently scheduled for December 1, 2025. The United States does not intend to call any witnesses at the hearing. For the reasons stated below and to be discussed at the sentencing hearing, the United States recommends that defendant, Kathleen Flener, ("Flener" or "Defendant") should be sentenced to a term of imprisonment of 300 months followed by a lifetime term of supervised release. The United States' requested sentence in this case is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

### BACKGROUND

This case involves defendant Flener distributing two up close images of the genitals of Minor Victim 1 and Minor Victim 2 to an adult male living in Australia. (Final Presentence Investigation Report ("PSR"), DN 31, at ¶ 9). More specifically, on December 6, 2024, Homeland Security Investigations (HSI) Louisville received a lead from HSI Canberra, Australia, regarding an individual sending child sexual abuse material ("CSAM") images to another individual via the Snapchat application. (*Id.*, at ¶7). The images depicted the genitals of a prepubescent female and a prepubescent male. (*Id.*). HSI Canberra advised that on December

4, 2024, they, along with the Australian Federal Police, served a search warrant on a male subject located in Katherine, Northern Territory, Australia. (*Id.*). The 35-yearold male was found to be in possession of CSAM and was taken into custody. (*Id.*). A subsequent search of the male suspect's electronic devices seized during execution of the search warrant revealed a Snapchat conversation between himself and Flener. (*Id.*).

HSI Canberra advised that between September 21, 2024, and December 3, 2024, the Australian based male suspect and Flener engaged in an extensive conversation which included the exchange of intimate photographs. (*Id.*, at ¶8). Flener referred to the male suspect as "Daddy," "Lord," "God," and played a submissive role in providing content to him. (*Id.*). On November 21, 2024, Flener distributed two nude images of Minor Victim 1 and Minor Victim 2 to the male suspect. (*Id.*, at ¶9).

On December 6, 2024, HSI Louisville interviewed Flener at her residence which is in the Western District of Kentucky. (*Id*, at ¶¶ 12-13). During the interview, Flener admitted that she had in fact engaged in the Snapchat conversations with the male subject in Australia and admitted to sending the two sexually explicit images of Minor Victim 1 and Minor Victim 2 via her cellular phone. (*Id*, at ¶13).

## CRIMES OF CONVICTION

On January 22, 2025, a federal grand jury in the Western District of Kentucky returned a three-count indictment against Flener for two counts of sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a) and one count of distribution of child pornography in violation of U.S.C. § 2252A(a)(2). On August 21, 2025, Flener pled guilty to all three-counts contained in the Indictment via an open plea. (*Id*. at ¶5). There is no plea agreement between the parties. (*Id*.).

## STATUTORY SENTENCING PROVISIONS

The three-count Indictment carries a combined minimum term of imprisonment of 15 years and a combined maximum term of imprisonment of 80 years. (*Id.* at ¶74). Supervised release must be imposed between 5-years and life. (*Id.* at ¶80).

### A. Restitution

Pursuant to 18 U.S.C. § 2259, Flener must pay restitution, if requested prior to sentencing, of at least $3,000.00 to each identifiable victim. (*Id*. at ¶88). Minor Victim 1 and Minor Victim 2 have requested restitution in the amount of $3,000 each for a total of $6,000. The United States will separately tender a proposed order of restitution to the Court.

### B. Forfeiture

There is no forfeiture agreement between the parties, however, pursuant to 18 U.S.C. § 2253, Flener should be ordered to forfeit an iPhone 13 in an orange case with serial number: K2WJ6D75QV, which contained child pornography. The United States respectfully requests that the Court grant the Motion for Preliminary Order of Forfeiture already tendered in this case. (*See* DN 30).

### C. Special Assessments

Flener is subject to $100 in mandatory special assessments for each count of conviction. (*Id*. at ¶84).

## GUIDELINE CALCULATIONS

The United States has no objections to the guidelines or criminal history calculations contained in the Presentence Investigation Report. Flener is an offense level 43 with a criminal history category I, which results in a guideline recommended sentencing range of 960 months. (*Id*. at ¶75).

## 18 U.S.C. § 3553(a) FACTORS

This Court must ultimately affix a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). Title 18, United States Code, section 3553(a) guides the Court regarding factors to consider when imposing a sentence. That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

　(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

　(B) to afford adequate deterrence to criminal conduct;

　(C) to protect the public from further crimes of the defendant; and

　(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

　(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
　. . .

(5) any pertinent policy statement--
　. . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

The sentence imposed in this action should be substantial to adequately reflect the seriousness of the offenses, promote respect for the law, provide just punishment for the offenses, deter further criminal conduct, protect the public from further crimes of Flener, and provide Flener with needed correctional treatment. It is the position of the United States that a sentence of imprisonment of 300 months would accomplish the sentencing purpose of § 3553(a). As discussed below, the § 3553(a) factors support the United States' requested sentence.

      A.      **The nature and circumstances of the offense and the history and characteristics of Flener.**

The history and characteristics of Flener combined with the nature of the offense support the recommended sentence. In this case, Flener stands convicted of producing and distributing two sexually explicit images of Minor Victim 1 and Minor Victim 2 to an individual who was living in Australia. There is no doubt that Flener's conduct is serious, and her offenses have been perpetrated against the most vulnerable members of our society – children. This direct victimization requires a level of punishment to reflect the seriousness of Flener's offenses.

At the same time, Flener, who was 26 years old at the time she committed these offenses, immediately took responsibility for her actions in this case and openly discussed her actions with law enforcement during her interview on December 6, 2024. During her interview, Flener assisted law enforcement by giving them consent to do an on-site preview of her iPhone. Due to her cooperation, HSI agents were able to preserve the sexually explicit images and messages before they were deleted by the Snapchat application. While this certainly does not excuse Flener's egregious conduct, the United States' requested sentence, which is a variance from the established guideline, appropriately accounts for the cooperation from Flener.

The United States' requested sentence of 300 months balances the severity of the crimes and the need for punishment.

      B.      **The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and Provide Just Punishment for the Offense**

The sexual exploitation of children has devastating consequences. Individuals who participate in these crimes, like Flener, create a market and demand for the continued sexual exploitation of children and contribute to the cycle of abuse. *See United States v. Goff,* 501 F.3d

250, 259-260 (3d Cir. 2007) ("Children are exploited, molested, and raped for the prurient pleasure of [defendant] and others who support suppliers of child pornography").

Flener has a total criminal history score of zero. (*Id.* at ¶49). Therefore, Flener does not have a documented history of sexual exploitation crimes nor did the investigation of this matter indicate that Flener had previously done this which is why a sentence of imprisonment of 300 months is necessary to recognize the victims harmed by Flener's conduct, promote respect for the law, and to restore public confidence and respect for our laws protecting children.

### C. Kinds of Sentences Available

A sentence of imprisonment of 300 months followed by a lifetime of supervised release strikes the appropriate balance of punishing Flener for her crimes and indicates the seriousness with which crimes against children are viewed in this community.

### D. The Need for the Sentence Imposed to Afford Adequate Deterrence

Congress, the Supreme Court, and the Sentencing Commission believe general deterrence is an important factor when considering an appropriate sentence. *See United States v. Fry*, 851 F.3d 1329, 1332 (D.C. Cir. 2017) (the sentence would deter Fry and "others who may be inclined in doing similar kinds of things."). Deterrence is important for crimes involving the sexual abuse of children, including child pornography. *See United States v. Goldberg*, 491 F.3d 668 (7th Cir. 2007). "Sentences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor." *See id.*

While literature addressing the types of sex offender treatment available, as well as recidivism rates for sex offenders, may vary in their conclusions or recommendations, ultimately, they all agree that the type of treatment program and the recidivism rate will depend on the type of sexual offender. In determining the dangerousness level or likely degree of recidivism of a

particular child sexual offender, studies have concluded that certain characteristics make certain sexual offenders high-risk: multiple sex offenses, a history of contact sexual offenses, where male victims were involved, where the victims were prepubescent boys, where the offender is not married or otherwise engaged in an intimate adult relationship.

The United States' recommended sentence of 300 months imprisonment followed by a lifetime of supervised release appropriately balances the recidivism factors outlined above by recognizing that Flener was an unmarried woman who produced and distributed two sexually explicit images of Minor Vitim 1 and Minor Victim 2. At the same time, Flener's lack of criminal history and the fact that the investigation did not reveal additional instances of Flener producing and/or distributing sexually explicit images ways in her favor when balancing the recidivisms factors. The seriousness of Flener's actions cannot be understated, and the United States' requested sentence appropriately punishes Flener for those actions and recognizes the likelihood of Flener being deterred by a 25-year prison sentence. This sentence will also deter other like-minded individuals in the community who share many of Flener's depraved interests and who may consider engaging in the types of acts Flener did.

### E.   Avoidance of Sentencing Disparities

The recommended sentence of imprisonment and a lifetime of supervised release recognizes the seriousness of Flener's crimes and her specific role in the crimes, accounts for her cooperative posture and acceptance of responsibility, and avoids unwanted disparities among other defendants who are guilty of similar crimes and are in the same position as the defendant.

## CONCLUSION

There is no minimizing Flener's conduct in this case. Flener has participated in some of the most vile and heinous crimes in our society. The Supreme Court, Congress and courts across

the country have repeatedly recognized the pain and suffering caused by the sexual exploitation of children. At the same time, Flener took responsibility for her actions and relieved the United States of the need to prepare for trial. The United States' requested sentence of 300 months imprisonment and a lifetime of supervised release complies with the statutory directives set out in Title 18, United States Code, Section 3553(a) and recognizes the individual circumstances of this case.

        Respectfully submitted,

        Kyle G. Bumgarner
        United States Attorney

        */s/ Danielle M. Yannelli*
        Danielle M. Yannelli
        Assistant U.S. Attorney
        717 West Broadway
        Louisville, Kentucky 40202
        (502) 582-6942

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

        */s/ Danielle M. Yannelli*
        Danielle M. Yannelli
        Assistant U.S. Attorney