UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
(Filed Electronically-Under Seal)

**CRIMINAL ACTION NO. 3:25CR-4-DJH**
**UNITED STATES OF AMERICA,**                                                                                          **PLAINTIFF,**

vs.

**KATHLEEN ANNE FLENER aka Kathleen Pfeiffer,**                                      **DEFENDANT.**

**SENTENCING MEMORANDUM**

Comes the defendant, Kathleen Flener, by counsel, and for her sentencing memorandum herein states as follows:

Ms Flener has pleaded guilty to two counts of sexual exploitation of a minor and one count of distribution of child pornography. She is facing a mandatory minimum sentence of 15 years in prison up what is essentially a life sentence, with a potential lifetime term of supervised release to follow. There has been no agreement regarding the appropriate disposition of this case. Given the particular circumstances of this case, and the personal characteristics of Ms. Flener, any sentence in excess of the required fifteen years would be unnecessarily harsh. A sentence of fifteen years would still be extremely severe and would easily be sufficient to satisfy the statutory purposes of sentencing.

**Facts**

Kathy Flener was raised in a suffocating cult –like environment. The effects of this

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

upbringing continue to have significant impact on her life, and led to her developing unusual coping mechanisms in an effort to deal with the trauma/stress.[1] It has been said that family is supposed to be our safe haven, but very often it is the place where we find the deepest heartache.[2] Such is likely the case here.

She got married when she was twenty and the union resulted in four children, now ranging in age from one to five years old. Unfortunately, the marriage deteriorated, as her husband became physically abusive to her, and a protective order was issued. There was never any abuse nor allegations of abuse, physical or sexual, involving any of her children, at any time prior to the single instance which occurred in this case on November 21, 2024.

After separating, she began to engage in a fantasy life on line with numerous individuals who would engage in sexual banter and role playing. These chats never went any farther than the internet. Ms. Flener never met any of these individuals in person. Ironically, even while rebelling from her strict, controlling upbringing, she would take the submissive role in the chats which usually involved dominance-submissive scenarios. As Ms. Flener has no interest in child pornography, nor in any type of sexual contact with children, none of these sexual chats involved children, hers or any others, in any way. It was entirely adult related.

One of these online chatting relationships became more frequent. It was with a man who lived in Australia. After a period of time, which included banter and the exchange of sexually explicit self photographs, as well as dominant-submissive role playing, this

---

[1] See *Exhibit 1, Forensic Pschological Report, Drs. Wygant and Bundy* for a more detailed account of her upbringing and the resulting psychological effects. (Filed under seal).

[2] Iyanla Vanzant

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

2

individual requested pictures of Ms. Flener's children. Previously, Ms. Flener had only sent intimate pictures of herself, as well as fully clothed pictures of herself and her children. The conversation was not always sexually based. However, when it was, it had previously only been adult in nature, with Ms. Flener taking the role of the submissive partner.

In a moment which she deeply regrets, after the Australian requested a picture of her son's penis and one showing "where little girls pee from", she took one photograph of her two year old son and one of her two year old daughter. These two photos were taken while she was changing their diapers, and consisted of each child laying on the changing table, without a diaper, exposing their genitals. There was no sexual act, nor any sexual contact with either child. These two photos were then sent to this man, which is the conduct supporting Count 3 (Distribution). This occasion, November 21, 2024, was the first and only time that Ms. Flener ever engaged in conduct of this nature, or even remotely similar.

An investigation of the Australian man led to Ms. Flener. When she was contacted by police a little over two weeks after this incident, she cooperated completely with their investigation, and gave a complete and truthful statement regarding her conduct in this case.

### Determining the Appropriate Sentence

In imposing sentence, the District Court must first correctly calculate the advisory guideline range, *Gall v. United States*, 552 U.S. 38, 49 (2007), but may not treat that range as mandatory or presumptive, *Id.*, at 51; *Nelson v. United States*, 555 U.S. 350, 352 (2009). It is only "one factor among several" to be considered in imposing an appropriate sentence under 18 U.S.C. §3553(a). *Kimbrough v. United States*, 552 U.S. 85, 90 (2007). The Court must

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

3

"consider all of the §3553(a) factors", "make an individualized assessment based on the facts presented", Gall, 552 U.S. at 49-50, and explain how the facts relate to the statutory purposes of sentencing. Id., at 53-60; *Pepper v. United States*, ___ U.S. ___. 131 S.Ct. 1229, 1242-43 (2011). These purposes are: 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. §3553(a)(2). In enacting the Sentencing Reform Act, Congress did "not favor [ ] one purpose of sentencing over another," except that rehabilitation was not to be a reason to impose a sentence of incarceration. 18 U.S.C. §3582. *See* S. Rep. No. 98-225, at 67 (1983). Rather, "each of the four stated purposes should be considered in imposing sentence in a particular case". Id., at 68. In choosing what kind of sentence to impose, the Court "must consider" all of the purposes and factors set forth in §3553(a). Id., at 119. "Whether [imprisonment] should be imposed when authorized[3] is a question to be resolved after balancing all the relevant considerations." *Id*.

After considering all of the above factors set forth in §3553(a) , the Court must also consider the background, history, character, and conduct of the defendant, when imposing a sentence that is "sufficient but not greater than necessary" to satisfy the statutory purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation of the defendant in the most effective manner. 18 U.S.C. §3553(a)(2). This so-called "parsimony

---

[3] And, presumably, the length of that sentence.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

4

provision" represents the "overarching" command of the statute. *Kimbrough*, 552 U.S., at 101.

### Guideline Calculations

The statutory penalty range is 15 to 30 years on Counts One and Two, and 5 to 20 years on Count Three. There is a mandatory minium sentence of fifteen years in prison.

The Presentence Report has determined a guideline calculation of offense level 46, and criminal history category I. This yields a recommended guideline range of life in prison. However, as this exceeds the statutory maximum of 80 years (960 months), 80 years is therefore the statutory maximum.

The defense does not object to these calculations, but as will be noted below, believes they are far in excess of what is fair and appropriate to achieve justice in this case.

### Argument

**A sentence of fifteen years in prison satisfies the need to reflect the seriousness of the offense, promotes respect for the law and provides just punishment**

This is clearly a serious offense. It would be disingenuous to suggest otherwise. The statutory mandatory minimum sentence of fifteen years of incarceration in prison reflects this as well.

That having been said, the offense of Sexual Exploitation of a Minor can encompass a very wide range of conduct. Anyone who has been regularly associated with these type cases in Federal Court is aware of the egregious and repetitive nature of conduct that often is involved. There is no need to repeat graphic examples here.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

Unlike what is most often seen in offenses under this statute, the conduct in this case occurred on one occasion-two photographs-which are as benign as possible while still meeting the expansive statutory definition of sexually explicit conduct. They consist of one image of each child while they are laying down getting a change of diapers. While the genitalia is exposed, their faces are not shown. There is no sexual act or contact involved. Ms. Flener was caught up in her submissive role playing when she made the horribly bad decision to accede to the Australian man's demand.

This argument is not intended to be an excuse for her conduct, or to suggest that it is not serious. *All* conduct which falls within this offense category is serious. Fifteen years in prison is extremely serious. However, that is why there is a *range* of punishment for this, and most, offenses. Ms. Flener's conduct, while no doubt serious, unquestionably falls at the lowest possible range of conduct encompassed by this statue. Therefore, it deserves punishment which is serious, but also falls at the low end of the statutory punishment range.

The undersigned has discussed the facts of this case with colleagues, in an effort to get suggestions and advice as to how to proceed. After hearing the allegations and factual rundown, and then being advised of the guideline calculation, the universal reaction is one of shock and surprise that the guidelines are so harsh. This is even without knowledge of the mitigating circumstances of her family life. While this is an anecdotal sample, it supports the strong contention that the public would respect 15 years as an appropriate sentence, and consider it to be just punishment.

It should be noted that Ms. Flener readily admitted her culpability in this case and

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

6

cooperated with authorities from the beginning. While she received a 3 level reduction for acceptance of responsibility under USSG 3E1.1, it did her no good under the guidelines. She could have forced the government to trial in this case, and caused potential additional trauma for her children and the victims in this case, and not received any adverse effects under the guidelines. Knowing that to be the case, Ms. Flener chose not to pursue a trial, even though the guilty plea conferred no benefit to her under the guidelines.

### A fifteen year sentence is more than adequate protection to the public from further crimes of the defendant.

Ms. Flener has no criminal record whatsoever, not so much as even a traffic citation. Because she has been convicted of a child sex offense, she was ineligible for the two level reduction for being a zero point offender. Nevertheless, the sentencing commission, when promulgating the 2023 Amendments, added zero point offender after research showed that such offenders have nearly half the rate of recidivism as other offenders as a whole. Even when compared to individuals with one criminal history point the recidivism rate is 22% less.[4] Ms. Flener not only has no criminal history points, she has no prior convictions of any kind, at any time, nor even charges. While she doesn't qualify under the guidelines for a reduction, it doesn't change the fact that her statistical chances for re offending are low.

Far more relevant to this case in particular is that Ms. Flener has no sexual attraction to children, and exhibits no qualities of pedophilia.[5] This incident is a one time incident,

---

[4] See, ussc.gov/2023amendments-in-brief

[5] See, Exhibit 1, Forensic Psychological Report, Drs Wygant and Bundy, pg 7.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

7

which resulted from a confluence of her upbringing, her resulting adult sexual fantasies and an individual who was able to take advantage of the situation. Again, it does not excuse her conduct. However, there is extremely little likelihood that it will happen again.

While she will be required to participate in counseling for sexual abuse, and will cooperate with it, her chances of successful rehabilitation are exponentially greater as she does not have to deal with overcoming or suppressing urges of sexual attraction to children. She welcomes counseling which will address her other psychological issues. This is a stark contrast to the ordinary offender in this category, one who has often engaged in or attempted to engage in sexual behavior with minors for some time, and must learn to somehow suppress their abnormal urges in order to remain crime free.

Additionally, upon her release, she will still be subject to a lengthy period of supervised release. While unlikely to be necessary, upon her completion of treatment at the institution, and her release from custody, stringent requirements, controls, monitoring, and sanctions will continue to protect the public from any further crimes of defendant. She will not only be a state registered sex offender subject to all of the restrictions attendant thereto, but will be on federal supervised release.

In summary, a 15 year sentence, with appropriate treatment, coupled with the restrictions, continued treatment and supervision that would follow is sufficient, but not greater than necessary, to satisfy the requirement of 18 U.S.C. §3553(a)(2)(C).

**The recommended sentence will afford adequate deterrence to criminal conduct**

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

8

A prison sentence of 15 years without parole followed by a period of supervised release, with the attendant strict controls and conditions that it and being a registered sex offender entail, plus the potential of indefinite detention under the sex offender civil commitment statute are sanctions that will definitely deter like minded individuals from committing similar crimes. The recommended sentence will see Ms. Flener incarcerated with no hope of release until she is at least 39 years of age and then *only* if she receives good time credit. This is a life consuming sentence for any person and extinguishes any possibility that she will live again as a free person without confinement or substantial controls and limits during whatever years may remain to her.

The severity of the sentence faced by Ms. Flener has certainly come as a tremendous shock to her. As noted above, it has also come as a shock to many individuals who have been advised of the *relatively* benign facts of this case. If the punishment suggested for Ms. Flener is not sufficient to deter other potential offenders of this type, then there is no such deterrence.

Accordingly, the recommended sentence of 15 years is sufficient, but not greater than necessary, to satisfy the requirement of 18 U.S.C. §3553(a)(2)(B).

### The history and characteristics of the defendant

Ms. Flener's upbringing, in the closed, controlled and rigid confines of what can best be described as a cult like environment played a significant role in her developing the on line relationship which ultimately led to this offense. This is set out in detail in *Exhibit One*, *Forensic Psychological Report*. Again, it is not an excuse for her conduct, but can certainly

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

9

explain why she was in the position she was, and what caused her to make the terrible decision she made.

Ms. Flener is anxious to participate in counseling to address her psychological issues that led to her predicament. She has the intelligence, motivation and self awareness to benefit from such counseling.

But for this very serious lapse, she has always been law abiding, hard working, and a loving parent.

### The Appropriate Sentence

Ms. Flener has owned up to her conduct, admitted it to others, accepted responsibility, and done what he can to mitigate any damage and injury she has caused. She fully understands the wrongfulness of her conduct and is motivated and, indeed, eager to change. A sentence of 15 years; along with a term of supervised release subject to the usual mandatory and standard conditions imposed by statute; and such other conditions as the Court may deem appropriate will be "sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offenses; afford adequate deterrence to criminal conduct by others, protect the public from further crimes of the defendant, and provide her with needed correctional treatment in the most effective manner. 18 U.S.C. §3553(a)(2).

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

10

/s/ Donald J. Meier
Assistant Federal Defender
629 Fourth Avenue
200 Theatre Building
Louisville, Kentucky 40202
(502) 584-0525

Counsel for Defendant.

## CERTIFICATE

     I hereby certify that on November 21, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: Hon. Danielle Yannelli, Assistant United States Attorney.

/s/ Donald J. Meier

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808